```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at LONDON**

TEDDIE L. BRUNER,                )
                                 )
    Plaintiff,                   )
                                 ) Civil Action No. 07-256-JMH
                                 )
v.                               )
                                 )
MICHAEL J. ASTRUE, COMMISSIONER  )   **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,              )
                                 )
    Defendant.                   )
                                 )
                                 )

          **    **    **    **    **

This matter is before the Court on cross motions for summary judgment [Record Nos. 11 and 12][1] on the plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits and Supplemental Security Income (SSI). The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff filed a timely written request for hearing regarding her repeatedly denied requests for disability insurance benefits. Administrative Law Judge (hereinafter, "ALJ") James P. Alderisio, after holding a hearing [Tr. 451-472], denied

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

Plaintiff's application [Tr. 11-23]. ALJ Alderisio's determination became the Commissioner's final decision when the Appeals Council denied review [Tr. 6-8]. Jurisdiction exists under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, the plaintiff was 45 years old. She has a high school education [Tr. 21], and past relevant work as an auto plant assembly worker, fast food worker, team leader and gas/grocery cashier [Tr. 14]. After reviewing the entire record, the ALJ found, *inter alia*, that the plaintiff suffered from a number of conditions but that she did not have one, either singly or in combination, which met a listed impairment [Tr. 22]. The ALJ also found that the plaintiff was unable to perform any of her past relevant work [Tr. 22], but that she retained the residual work capacity to perform various other jobs in the national economy [Tr. 23].

The plaintiff contends that the ALJ erred by not finding her carpal tunnel syndrome and back pain to be severe impairments, and that because the hypothetical posed by the ALJ to the vocational expert did not accurately portray the plaintiff's physical and mental limitations, the burden of showing her capacity to work has not been met.

## II. OVERVIEW

In determining whether a claimant is disabled or not, the ALJ

2

conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits her physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then she is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do her previous work, then she is not disabled.
>
> 5. If the claimant cannot do any work she did in the past because of a severe impairment, then the Secretary considers her residual functional capacity, age, education, and past work experience to see if she can do other work. If she cannot, the claimant is disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of the process to prove that she is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Services,* 14 F.3d 1107, 1110 (6th Cir. 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits,

3

the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Serv.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

Plaintiff argues that the ALJ ignored documented findings of treating and examining sources in failing to accurately portray her physical and mental limitations in the hypothetical posed to the vocational expert. However, a review of ALJ Alderisio's decision refutes this argument. In his decision, the ALJ thoroughly discussed the objective medical evidence, as well as the findings of various treating and examining physicians, psychologists and psychiatrists [Tr. 15-20]. The plaintiff contends that these sources support her disability claim. While ALJ Alderisio the

plaintiff had certain restrictions which preclude her from performing her past relevant work [Tr. 21], he further found that, to the extent the totality of the evidence failed to corroborate the symptoms alleged by the plaintiff, her allegations were not fully credible.

The plaintiff finds fault with the ALJ's consideration of her carpal tunnel syndrome. The record belies her contention, as the ALJ's decision reflects considerable attention was given to the plaintiff's evaluations and treatment for carpal tunnel syndrome [Tr. 15-17 and 19-20]. The ALJ found that the plaintiff had a history of bilateral carpal tunnel syndrome and status post right carpal tunnel release [Tr. 19], and was permanently restricted from lifting more than 20 pounds by Dr. Jackson in June 2004 [Tr. 20]. The ALJ also found that the plaintiff had not pursued specialist treatment since she was last seen by Dr. Brooks in May 2004 and has failed to seek the recommended second opinion of Dr. Burgess [Tr. 19]. While Dr. Jackson permanently restricted the plaintiff from lifting more than 20 pounds, he did not place permanent restrictions on the use of her hands for repetitive motions. Drs. Swan and Anzures both evaluated plaintiff's carpal tunnel impairment, also, and neither assessed any manipulative limitations [Tr. 20]. In January 2006, Dr. Atienza, plaintiff's treating physician, made an assessment that the plaintiff could not use her hands for repetitive motions, though this finding was markedly

5

inconsistent with her treatment notes spanning the previous two years, which failed to reflect ongoing complaints of carpal tunnel symptoms. Treating source opinion is given controlling weight to the extent that it is well-supported by clinical and laboratory findings and consistent with other residence of record. [Tr. 21]. Having accorded proper weight and given due deference to all of the above, there was substantial evidence to support the ALJ's decision that the plaintiff's carpal tunnel symptoms were less than severe in nature.

The plaintiff also finds fault with the ALJ's consideration of her back pain. The record is clear, though, that the ALJ's decision accounts for the plaintiff's discoverable history of back pain. According to the ALJ, there was simply no evidence of any medically determinable impairment available to support the plaintiff's complaints. The medical record is largely devoid of complaints of back pain and the plaintiff appears never to have sought correspondent neurosurgical treatment for low back symptoms. A thoracic MRI performed in November 2004 revealed only mild degenerative changes [Tr. 19]. In light of the foregoing evidence, or lack thereof, the ALJ was warranted in concluding that the severity of the plaintiff's back pain was less than severe.

In response to a hypothetical propounded by the ALJ which included the plaintiff's limitations as found by the ALJ, limitations supported by substantial evidence, past relevant work

6

and her residual functional capacity, a vocational expert opined that there was other work in the national economy the plaintiff could still perform [Tr. 21-22].

In *Hardaway v. Sec. of Health & Human Serv.*, 823 F.2d 922 (6th Cir. 1987), the Court stated that where there was conflicting evidence from different doctors, the ALJ was entitled to determine which evidence was to be included in the hypothetical question. "The determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of all other relevant evidence. [...] An ALJ may ask a vocational expert hypothetical questions, provided the question is supported by evidence in the record." *Id*. at 957.  In the instant case, the the hypothetical questions are so supported.  Accordingly, the hypothetical questions were accurate as required by *Varley v. Sec'y of Health and Human Serv.,* 820 F.2d 777, 779 (6th Cir. 1987).  The ALJ's decision to deny the plaintiff's request for disability insurance benefits was supported by substantial evidence.

### V.  Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED**:

(1)  That the defendant's motion for summary judgment [Record No. 12] be, and the same hereby is, **GRANTED;** and

(2)  That the plaintiff's motion for summary judgment [Record

No. 11] be, and the same hereby is, **DENIED**.

This the 6th day of February, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge